

U. S. Department of Justice

*United States Attorney*
*Southern District of Iowa*

*Criminal Division*

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309-2053
Telephone (515) 473-9300
Fax (515) 473-9292

January 3, 2025

Maureen W. Gornik, Acting Clerk of Clerk
Eighth Circuit Court of Appeals
Thomas F. Eagleton Courthouse, Room 24.329
St. Louis, MO 63102

    Re:    *United States v. Keshon Daveon Baxter*, No. 24-1164

Dear Ms. Gornik:

Pursuant to Fed. R. App. P. 28(j), the United States brings to the Court's attention *United States v. Rahimi*, 144 S. Ct. 1889 (2024), which was decided after briefing in this case concluded. Rejecting both a facial and as-applied challenge to 18 U.S.C. § 922(g)(8) (relating to possession of firearms by individuals subject to certain domestic restraining orders), the Supreme Court declared "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 1903. The Court explained, "the Second Amendment permits more than those regulations identical to ones that could be found in 1791." *Id.* at 1897-98. "Since the founding, our Nation's firearm laws have included provisions preventing individuals who threaten physical harm to others from misusing firearms." *Id.* at 1896. The Court noted that historical legislatures enacted a "rang[e]" of regulations, including prohibitions on "dangerous and unusual weapons," "rules about firearm storage," and "restrictions on gun use by drunken New Year's Eve revelers." *Id.* at 1897. In rejecting a challenge to Section 922(g)(8), the Court looked to surety laws, which authorized magistrates to "require individuals suspected of misbehavior to post a bond," and "going armed" laws, which "provided a mechanism for punishing those who had menaced others with firearms." *Id.* at 1899-1901.

Although *Rahimi* has no occasion to analyze the federal law disarming drug users at issue in this appeal, the Court took pains to avoid "suggest[ing] that the

Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse." *Id.* at 1901. Under this analysis, legislatures unquestionably hold authority to disarm "categories of persons" that "present a special danger of misuse." *Id.* at 1901. *Rahimi* thus recognized the government's authority "to disarm individuals who present a credible threat to the physical safety of others," *id.* at 1902, which the United States suggests extends comfortably to drug users such as Baxter.

                              Sincerely,

                              Richard D. Westphal
                              United States Attorney

        By:    */s/ Andrew H. Kahl*
                  Andrew H. Kahl

                */s/ Jospeh H. Lubben*
                Joseph H. Lubben
                Assistant United States Attorneys

### CERTIFICATE OF COMPLIANCE
### WITH RULES 27(d)(2)(A), 32(a), and 32(g)

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and the word limit of Fed. R. App. P. 32(g)(1) because it contains 335 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft 365 Word in Century Schoolbook font, 12 point.

Dated: January 3, 2025.

By: */s/ Andrew H. Kahl*
Andrew H. Kahl

*/s/ Jospeh H. Lubben*
Joseph H. Lubben
Assistant United States Attorneys

Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                        */s/ Dawn Thomas*
                                                       Paralegal Specialist